By the Court.
O’Gormax, J.
The question in dispute in this case is whether a notice of lis pendens, duly filed, should be cancelled before the entry of final judgment in the action.
A motion by defendants for cancellation of the lis pendens here, was made at the special term of this court and denied, on the ground that the motion was premature, and from this decision the defendants appeal.
It was a matter resting in the discretion of the court, and the decision should not be disturbed without manifest cause.
The action was to compel specific performance of an agreement to convey title to real estate, or for the return to plaintiff of $500 paid on account of the purchase money. The action was tried at special term, and the court adjudged that the defendants were unable to convey, and that the plaintiff was not entitled to specific performance, but had a lien on the premises in question for the money so paid by him, with interest. From this judgment, the defendants appealed to the general term of this court, by whom the judgment was reversed and a new trial was ordered as to some of the defendants. An application was afterwards made to the general term for re-argument, which has not yet been decided.
The Code of Civil Procedure provides in section 1674 that after the action is settled, discontinued, or abated, or final judgment is rendered therein against the party filing the notice of lis pendens and the time to appeal has expired, . . . the court may, in its discretion, on motion, direct that the notice of lis pendens be canceled of record.
None of these events has taken place in this action.
The right to file a notice of Us pendens is statutory (Code, § 1670), and the provisions of the statute should be strictly followed in all their essential requirements.
*98 , The order appealed from must be affirmed, with $10 costs.
Sedgwick, Oh. J., concurred.